UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

'08 NOV 19 PM 4: 17
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:08-CR- -01-SEB/KPF |
| ) | |
| FREDERIC I. BOWLES, JR., ) | 1:08-cr- , -KPF |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by counsel, Timothy M. Morrison, United States Attorney for the Southern District of Indiana, and Susan H. Dowd, Assistant United States Attorney, and the Defendant, FREDERIC I. BOWLES, JR.(hereinafter BOWLES), in person and by counsel, Robert W. Hammerle, hereby inform the Court that a Plea Agreement has been reached in this cause, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the following are its terms and conditions:

1.  BOWLES will waive indictment and plead guilty to a two-count Information, which alleges that he committed the following offenses: Wire Fraud, in violation of Title 18, United States Code, Section 1343, a felony offense which may be punished by a prison term of not more than twenty (20) years, a fine of not more than $250,000.00, and a term of supervised release of not more than three years following any term of imprisonment (Count 1); and Money Laundering, in violation of Title 18, United States Code, Section 1957, a felony offense which may be punished by a prison term of not more than ten (10) years, a fine of not more than

$250,000.00, and a term of supervised release of not more than three years following any term of imprisonment (Count 2).

    2.    Title 18, United States Code, Section 1343 (Wire Fraud) consists of the following elements:

    A.    The defendant knowingly devised or participated in the scheme to defraud or to obtain money or property by means of false pretenses, representations or promises as described in Count 1 of the Superseding Information;

    B.    The defendant did so knowingly and with the intent to defraud;

    C.    For the purposes of carrying out the scheme or attempting to do so, the defendant used or caused interstate wire communications to take place in the manner charged in Count 1 of the Superseding Information.

Title 18, United States Code, Section 1957 (Money Laundering) consists of the following elements:

    A.    The defendant engaged or attempted to engage in a monetary transaction;

    B.    The defendant knew that the transaction involved criminally derived property;

    C.    The property had a value greater than $10,000;

    D.    The property was derived from wire fraud;

    E.    The transaction occurred in the United States.

    3.    BOWLES agrees and understands that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 1. BOWLES agrees and understands that the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining the appropriate sentence within the statutory range. BOWLES agrees and understands that the Court will also consult and take into account the United States Sentencing

Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range. BOWLES agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. BOWLES agrees and understands that the final determination of the sentence, including the applicable advisory guidelines calculation, criminal history category, and advisory sentencing guidelines range will be made by the Court.

4.      BOWLES understands that, should the Court accept this Plea Agreement, he will be sentenced pursuant to the terms of this agreement. BOWLES understands that this is a plea agreement for a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Pursuant to that rule, the Court may accept or reject the plea agreement. If the Court accepts the plea agreement, the Court must sentence the defendant as provided in the agreement. If the Court rejects the agreement, the Court is required to inform the parties of this fact, advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to withdraw his plea, and advise the defendant that if he persists in a guilty plea, the disposition of this case may be less favorable than that contemplated by the plea agreement.

5.      BOWLES agrees to pay a total of $200.00 on the date of the sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed, pursuant to Title 18, United States Code, Section 3013.

6.      BOWLES agrees to provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.

7. BOWLES acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement. The government agrees not to bring any other charges against BOWLES regarding the facts and circumstances set forth in the two counts of the Superseding Information. The government further agrees not to bring any charges against Charleston Bowles, Angela Watkins, or Michelle Smith regarding the facts and circumstances set forth in the two counts of the Superseding Information.

8. At the time of sentencing, the government and BOWLES will jointly recommend to the Court that a sentence of twenty-seven (27) months imprisonment be imposed on the defendant BOWLES. The government and BOWLES further agree that the imposition of a fine and the amount of supervised release to be imposed will be left to the discretion of the Court.

9. At the time of sentencing, the government agrees to dismiss all charges pending against BOWLES in the Indictment in Cause No. 1:08-CR-133-01-SEB/KPF.

10. The government agrees not to oppose any request made by BOWLES for a Court recommendation that BOWLES serve any period of imprisonment in a specific facility. BOWLES acknowledges and understands that any Court recommendation does not bind the United States Bureau of Prisons.

11. BOWLES understands and agrees that, at the time of sentencing for this offense, the government will ask the Court for an order of restitution. BOWLES understands and agrees that Title 18, United States Code, Section 3663A provides for mandatory restitution in this case.

12. BOWLES agrees to cooperate with the United States of America, including, but not limited to:

  a.  Complete, total and truthful debriefings concerning any and all information regarding the involvement of BOWLES and others in mortgage fraud and other offenses, without restriction to the Southern District of Indiana, or to any charge presently pending against BOWLES;

  b.  Complete, total and truthful testimony before grand juries and at trials, as deemed necessary by the United States, concerning any and all information provided by BOWLES during the course of his debriefings.

This cooperation agreement extends beyond the Southern District of Indiana, to the extent any other judicial district agrees to accept the terms of this Plea Agreement.

If BOWLES has not completed his cooperation at the time of sentencing, he recognizes that his obligation to cooperate continues. The parties recognize that BOWLES' refusal to complete this cooperation agreement will be deemed by the United States to be a breach of this Plea Agreement.

The government and BOWLES recognize that the truthful information and testimony BOWLES provides pursuant to this agreement will not be used to bring criminal charges against him with the following exceptions:

  a.  Prosecution in this case;

  b.  If BOWLES were to testify falsely before any grand jury or at any trial, he could be prosecuted for false statements before a grand jury or perjury, whichever is appropriate; and

  c.  BOWLES could be prosecuted for any actions which resulted, directly or indirectly, in physical injury to another individual.

5

13. In exchange for BOWLES' plea and full cooperation, at the time of sentencing the government agrees to inform the Court of the quantity and quality of BOWLES' cooperation and to file a motion pursuant to Sentencing Guidelines Section 5K1.1. The parties recognize this motion permits the Court to impose a sentence below the sentencing guidelines developed under the Sentencing Reform Act of 1984. The government and BOWLES will recommend a departure of two levels from the offense level determined by the Court, pursuant to the terms of Section 5K1.1, in consideration of the substantial assistance provided to authorities. Whether BOWLES has provided substantial assistance is to be determined solely by the government. Should BOWLES fail to provide the cooperation agreed to in this plea agreement, no Section 5K1.1 Motion will be filed.

14. The parties agree that if any party to this Plea Agreement believes that another party is not abiding by the terms of this Plea Agreement, that party will request the Court to determine whether the terms of the Plea Agreement have been breached before any party or specified district takes unilateral action. In a proceeding to determine whether a breach has occurred, any disclosures, documents or other items provided by BOWLES shall be admissible and the government may, in order to establish any breach by him, rely on any statements and evidence given by his during the cooperation phase of this agreement. If the Court determines that BOWLES has breached the terms of this Plea Agreement, the obligations of the government in this Plea Agreement become null and void. If the obligations of the government become null and void, it is expressly agreed that:

    a. BOWLES will not be permitted to withdraw his pleas of guilty to the offenses described above;

b.  Any and all additional charges against BOWLES known to the government may be filed, without regard to any restrictions set forth in this agreement;

c.  The government may argue for a maximum sentence for the offenses to which BOWLES has pleaded guilty; and

d.  The government will be relieved of any responsibility or obligation to file a motion pursuant to Section 5K1.1, as set forth above.

15. BOWLES understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this plea agreement, BOWLES agrees that in the event the Court sentences BOWLES to a sentence of twenty-seven (27) months imprisonment, or lower, regardless of how the sentence is calculated by the Court, BOWLES expressly waives his right to appeal the conviction and sentence imposed on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, BOWLES also expressly agrees not to contest his sentence or the manner in which it was determined in any collateral attack, including but not limited to, an action brought under Title 28, United States Code, Section 2255.

## SENTENCING GUIDELINES STIPULATIONS

16. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the stipulations below. The parties understand and agree that these stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. BOWLES understands that he may not revoke his

plea of guilty merely because the Court fails to follow the stipulations of the parties. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

      A.      The government and BOWLES agree that the grouping rules under Sentencing Guidelines Section 3D1.2 and 3D1.3(a) apply as follows: Counts 1 and 2 group pursuant to Section 3D1.2(b), and the total offense level is the highest offense level of the counts in the Group (here, the money laundering offense guideline governing Count 2).

Count 1

      B.      The government and BOWLES agree that the base offense level is seven (7), pursuant to Section 2B1.1(a)(1).

      C.      The government and BOWLES agree that the base offense level should be increased by fourteen (14) levels, pursuant to Section 2B1.1(b)(1)(H), because the amount of the loss is more than $400,000.00, but less than $1,000,000.00.

      D.      The government and BOWLES agree that the adjusted offense level for Count 1 is twenty-one (21).

Count 2

      E.      The government and BOWLES agree that the base offense level is twenty-one (21), pursuant to Section 2S1.1(a)(1), the offense level for the underlying offense from which the laundered funds were derived.

      F.      The government and BOWLES agree that the base offense level should be increased by one (1) level, pursuant to Section 2S1.1(b)(2)(A), because the defendant was convicted under Title 18, United States Code, Section 1957.

      G.      The government and BOWLES agree that the adjusted offense level for Count 2 is twenty-two (22).

Grouping

      H.      The government and BOWLES agree that the adjusted offense level for all counts is therefore twenty-two (22), pursuant to Section 3D1.1(a) and subparagraph 15A above.

Acceptance of Responsibility

I. The government and BOWLES agree that, to date, BOWLES has demonstrated an acceptance of responsibility for his offense. In the event he continues to accept responsibility, he is entitled to a decrease from the base offense level of two (2) levels, pursuant to Section 3E1.1(a).

J. The government and BOWLES agree that, by entering into this plea agreement and filing a petition to enter a plea of guilty in this case, BOWLES has timely notified authorities of his intention to enter a plea of guilty, and has thereby permitted the United States to avoid preparing for trial and permitted the United States to allocate its resources effectively. In the event BOWLES continues to accept responsibility, at the time of sentencing, the United States will file a motion that informs the Court of the same, thereby enabling the Court to decrease BOWLES' offense level by one additional level, pursuant to Section 3E1.1(b).

## FINAL PROVISIONS

BOWLES acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce BOWLES to plead guilty. This document is the complete and only plea agreement between BOWLES and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

The terms of this agreement shall not be binding on the Office of the United States Attorney for the Southern District of Indiana nor upon BOWLES until signed by BOWLES and his counsel and by counsel for the United States of America.

11/19/08
DATE

*Susan N. Dowd*
Timothy M. Morrison, U.S. Attorney
By: Susan H. Dowd, AUSA

11/19/08
DATE

Christina McKee
Chief, Criminal Division

11/19/08
DATE

Frederic I. Bowles, Jr.
Defendant

11/19/08
DATE

Robert W. Hammerle
Attorney for Frederic I. Bowles, Jr.

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agrement. If I have not waived my right to appeal, I understand that I must file a Notice of

Appeal within ten (10) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

_11/19/08_
DATE

_____
Frederic I. Bowles, Jr.
Defendant